HIRAM GOULD *et al.*

*v.*

MARY E. STERNBERG.

*Filed at Ottawa May 16, 1889.*

1. REVERSAL—*effect upon a prior sale under the judgment—as to parties and privies—and third persons.* Where property of a defendant has been sold on a judgment, afterward reversed, to a party to such judgment, the defendant can recover it back. If the purchaser be a third party, he can recover from the plaintiff the value thereof; but the title to the property, in that case, will not be affected by the reversal. No one but the defendant or his assignee can take advantage of such reversal; and he may waive that right, or if he has lost nothing by the judgment, he can, of course, gain nothing by its reversal.

2. A sale on execution, based on a judgment afterward reversed, is not absolutely void, but voidable, only, at the election of the owner of the property sold. If the property of a third person is sold in satisfaction of the debt, the defendant in the judgment can take no advantage of the reversal.

3. A creditor under a judgment sued out an execution thereon, under which he became the purchaser of a tract of land which the debtor had fraudulently sold and conveyed to another. The creditor then filed his bill against his debtor and his grantee, to set aside the conveyance of the former to the latter as fraudulent, and a decree was entered therein setting aside the conveyance and vesting the title in the complainant. The judgment under which the sale was made was reversed about the date of the decree, and no steps were taken for a rehearing in the chancery suit, or bill of review filed: *Held,* that the reversal of the judgment did not operate to divest the title of the creditor as vested by the decree, and that such decree could not be attacked collaterally.

4. Attacking judicial proceedings collaterally—*effect of mere error.* A decree, however erroneous it may be, is binding upon the parties until vacated or reversed.

5. Same—*determination of a fact—conclusiveness—in a collateral proceeding.* A judgment or decree which necessarily affirms the existence of any fact, is conclusive upon the parties and their privies whenever the existence of that fact is again in issue between them. So a decree vesting title in the complainant is *res judicata* as to the defendants and their privies, and can not be questioned by them in an action of ejectment, even upon facts not presented in the prior suit.

6. Affirmance *of decree—conclusive as to error.* Where a decree is affirmed by the Supreme Court, it must be regarded as free from any error.

7. Chancery—*newly discovered matter—how availed of—after reversal.* Where, after the cause has been submitted to the court on a bill to set aside a conveyance made in fraud of creditors, and confirm the title to land in the complainant, as purchaser of the same under execution, the decree to be entered of the term the cause is submitted, the judgment under which the sale was made is reversed, the defendant may, on application at the next term, obtain a rehearing if he is entitled to the benefit of the reversal; or he may file a bill in the nature of a bill of review, upon newly discovered matter, and thus obtain relief.

Writ of Error to the Circuit Court of Will county; the Hon. Charles Blanchard, Judge, presiding.

This is an action of ejectment, commenced by Mary E. Sternberg, against Hiram Gould, George Gould and Charles Gould, claiming in fee the north half of the south-east quarter of section 9, in township 32, etc. Pending the suit, Charles Gould died, and his administratrix, Clara Gould, was made party defendant. A jury was waived, and upon a trial the court found defendants guilty, and that the right of possession in fee simple was in plaintiff. A new trial under the statute was granted, and upon a second trial before the court a like finding was had, and a motion for a new trial under the statute denied. A motion for a new trial at common law was denied, and judgment entered upon the finding of the court. To this action of the court defendants duly excepted, and all except Clara Gould bring this record here for review, on error.

Messrs. HALEY & O'DONNELL, for the plaintiffs in error: •

Where a party to a suit becomes the purchaser of land under execution issued upon the judgment therein, a reversal of the judgment will divest him of his title under the purchase. *Fergus* v. *Woodworth*, 44 Ill. 374; *Guiteau* v. *Wiseley*, 47 id. 433; *Powell* v. *Rogers*, 105 id. 318.

Mr. R. E. BARBER, and Mr. B. M. MUNN, for the defendant in error:

The decree of the DuPage circuit court of September, 1873, and affirmed by this court at its September term, 1876, is *res judicata*, and conclusive. *Wadhams* v. *Gay*, 73 Ill. 423; *Gilpeck* v. *Dubuque*, 1 Wall. 175; *McCormick* v. *McClure*, 6 Black. 466; *Steelart* v. *Lye*, 13 Otto, 66.

A former adjudication respecting the title of the defendant in error has stood unreversed and without modification for nearly nine years, and is conclusive of all questions of right, title and equity involved in that case. *Hawley* v. *Simons*, 102 Ill. 115; *Fahs* v. *Darling*, 82 id. 142; *Jenkins* v. *International Bank*, 111 id. 468; *Attorney General* v. *Railroad Co.* 112 id. 520; *Dyer* v. *Hopkins*, id. 168.

In the *DuPage case*, Hiram Gould pleaded title in his father, J. Gould, and attempted to establish it by a forged deed, when instead he might have pleaded title in himself, and that Sternberg was claiming title based upon a void judgment, which had been or would be reversed, and failing to avail himself of this, he stood by his false and fraudulent pleas; wherefore, we insist that this decree upon which we rest, sweeps away every defense which Hiram Gould might have made in that case,—and this, too, of every subsequent suit respecting the title between the same parties. *Kelly* v. *Donlin*, 70 Ill. 378; *Howell* v. *Goodrich*, 69 id. 556; *Rogers* v. *Higgins*, 57 id. 244; *Briscoe* v. *Lloyd*, 64 id. 33.

The question of judgment reversed, relied upon by the plaintiff in error, presents a collateral issue, which can not be made

available. *Heacock* v. *Lubukee*, 108 Ill. 644; *Goltra* v. *Green*, 98 id. 300; *Swiggart* v. *Harber*, 4 Scam. 364.

By the decree, Hiram Gould, and those holding under him, are estopped from pleading a reversal of, or relying on, the judgment of reversal, because Gould, at the time of the trial in the Du Page circuit court, pleaded title to the land in James Gould, his father, and relied upon a fraudulent and forged deed to defeat Mr. Sternberg's title by sheriff's deed, etc. *Greeley* v. *Thomas*, 56 Pa. St. 35; *Wells* v. *Higgins*, 13 Am. Dec. 182; *Franklin* v. *Palmer*, 50 Ill. 202.

We submit that when a party had ample opportunity, for a period of five years from the date of said decree, for an effort to reverse, set aside or modify it, but has acquiesced therein for nine years, he can not be allowed to attack said decree in a collateral proceeding. *Hay* v. *Baugh*, 77 Ill. 500; *Dempster* v. *West*, 69 id. 613; *Hays* v. *Cassell*, 70 id. 669.

In no case could the defendant Gould avail himself of the benefit, if any, of judgment reversed, until he had offered to pay the plaintiffs the money paid upon the purchase of the property at sheriff's sale.

By reference to the decision affirming this decree, (84 Ill. 170,) there can be no question as to the jurisdiction That the Du Page circuit court had complete jurisdiction of the parties and the subject matter of the title to said land as acquired under sheriff's deed, see *Gould* v. *Steinburg*, 84 Ill. 170. See, also, above, 13 Otto, 66, 71.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

To maintain the issue on her part, plaintiff below proved a common source of title in Hiram Gould. She then introduced in evidence, without objection, a sheriff's deed for the premises in question, dated September 23, 1881, reciting, that at the January term, 1868, of the Will circuit court, as administratrix of her deceased husband, Phillip A. Sternburg, she obtained a judgment against said Hiram Gould for $322.40, upon

33—128 ILL.

which, by execution and sale, said deed was executed and de-livered to her; also, a bill in chancery in the same court, by her, as complainant, against Hiram Gould, Elizabeth Gould, Delancy Jackson and James Gould, in which, among other things, it is alleged, that on the 11th day of November, 1856, one Richardson and Hiram Gould made and delivered to Phillip A. Sternburg, since deceased, a promissory note for $200, due in three years, with interest; that said Phillip, prior to his death, had brought suit upon said note, and that after-ward, January, 1868, she, as his administratrix, recovered the judgment and obtained the deed above mentioned; that at the time of making said note said Hiram Gould owned the land described in said sheriff's deed, in fee, unincumbered, and continued to own the same up to and at the time of said sale, but in November, 1859, for the purpose of preventing the collection of said note, and without any consideration, he, with his wife, Elizabeth, conveyed the same to said Jackson, and that afterwards said Jackson and wife, without consider-ation, reconveyed the same to said Hiram Gould, but that said Hiram secretly held said deed for several years, and on May 1, 1880, placed it on record, with the name "Hiram" erased and the name "James" inserted, thereby making the conveyance to James Gould instead of Hiram Gould, which change is alleged to have been a forgery, made for the purpose of cheating and defrauding creditors of said Hiram. She also introduced in evidence the answer of Hiram Gould, in which he avers that the conveyance made by him to Delancy Jackson was in good faith, for a valuable consideration, and that said Jackson took possession under the same, and afterwards conveyed to James Gould. The answer denies, generally, all the allegations of said bill. The answer of James Gould was also introduced, which is a general denial of the bill. The prayer of the bill was, that said conveyances should be set aside as against the complainant therein, and that she be put in possession of said premises.

The decree, after finding the facts substantially as alleged in the bill, decrees that the deed from said Hiram and wife to Jackson be held void, and a cloud upon complainant's title, and orders that "the title to the premises described in said sheriff's deed be declared vested in her (the complainant) under said sheriff's deed, and she is entitled to the possession of the same against defendants and any person holding under them, and that a writ of possession issue."

This cause was submitted at the September term, 1873, and taken under advisement, with a stipulation that the decree should be rendered as of that term. The case was decided March 4, 1874. On appeal to this court the decree was affirmed, September 19, 1876.

Hiram Gould, on behalf of plaintiffs in error, testified, that Charles Gould, the father of part of plaintiffs in error, and George Gould, had been in possession of said premises since 1877. There was also offered in evidence on their behalf certain deeds from James Gould and wife to said George Gould and Charles Gould, but neither of them described the land in controversy in this suit. They proved, over the objection of defendant in error, that the judgment of January, 1868, in favor of defendant in error, against Hiram Gould, was, by an order of this court, made on the 30th of January, 1874, reversed, (see 69 Ill. 531,) and it is upon this last evidence that the decision must turn, it being insisted by plaintiffs in error that the effect of such reversal was to annul and wipe out the legal effect of all that had been done under and in pursuance of that judgment.

It is well settled in this State, that when property of a defendant has been sold on a judgment, afterward reversed, to a party to such judgment, the defendant can recover it back. If the purchaser be a third party, he can recover from the plaintiff the value thereof, but the title to the property, in that case, is unaffected by the reversal. No one but the defendant or his assignees can take any advantage of such reversal, and

there can be no question but that he may waive that right, or, if he has lost nothing by the judgment, he can, of course, gain nothing by its reversal. A sale on execution, based on a judgment afterward reversed, is not, therefore, we conclude, absolutely void, but voidable only, at the election of the owner of the property sold.

The question at issue in the chancery cause between defendant in error and Hiram Gould and others, was, whether or not she should have the title to this land, and the decree was in her favor. However erroneous that decree might have been, it was binding upon the parties until vacated or reversed; but having been affirmed by this court, it is to be regarded as free from all errors. A judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of that fact is again in issue between them. (Freeman on Judgments, sec. 249.) The decree vesting title in defendant in error is *res judicata* as to Hiram Gould and James Gould and their privies, and can not be questioned in this suit.

But it is insisted, on the part of plaintiffs in error, that inasmuch as the judgment upon which that decree was based was not reversed until after the decree was rendered, and the court rendering that decree had no jurisdiction to pass upon the validity of that judgment, therefore said decree may be thus collaterally attacked,—in other words, while that decree would be binding upon the parties as the facts existed when it was rendered, yet subsequent events have so changed those facts as to destroy the binding effect thereof. If it be conceded, in the broadest terms, that Hiram Gould could not avail himself of the reversal in the chancery proceeding, it does not follow that he may do so now. Many, perhaps a majority of cases, in which the doctrine of *res judicata* is enforced, are cases in which facts have arisen or been discovered after the adjudication, which, if they had existed or been known at the former trial, might have changed the result. It is not true,

however, in this case, that the reversal might not have been set up in the chancery proceeding. Although the cause was submitted before the order of reversal by this court was made, it had not yet been decided, and there can be no question that if proper notice had been given and an application made to the chancellor for a rehearing at the next term of court, it would have been granted, if made by a party entitled to the benefit of the reversal. He might also have filed his bill, in the nature of a bill of review, upon newly discovered matter, and thus obtained relief. (Story's Eq. Pl. sec. 413; *Boyden et al.* v. *Reed,* 55 Ill. 458.) We think it is clear that he could not lie by, after obtaining his reversal, and permit the decree to become final in the circuit court and affirmed in this court, making no effort in that proceeding to reap its benefits, and now, for the first time, set it up to defeat the title therein decreed.

It is equally clear, that under the proof here made neither of plaintiffs in error is in a position to take any advantage of the reversal of that judgment. Hiram Gould, the defendant, might recover from defendant in error whatever property he lost by reason of the erroneous judgment. What has he lost? By his answer in the chancery proceeding, and by all the evidence in that case, as between himself and James Gould, the property of the latter was sold in satisfaction of that judgment. It is true the court held, that as between defendant in error and James Gould it should be treated as the property of Hiram; but it is too well understood to require the citation of authorities, that in all such cases the conveyance, though void as to creditors, is valid and binding between the parties. Whether or not James Gould could set up the reversal of said judgment as against defendant in error, is not material. Neither he nor those shown to be in privity with him are seeking to do so.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*