(No. 24589.—

THE PEOPLE *ex rel.* Otto Kerner, Attorney General, *et al.* Petitioners, *vs.* THE CIRCUIT COURT OF WILL COUNTY *et al.* Respondents.

*Opinion filed October 13, 1938.*

Otto Kerner, Attorney General, and Thomas J. Courtney, State's Attorney, (Montgomery S. Winning, and Robert E. Wright, of counsel,) for petitioners.

Mr. Justice Stone delivered the opinion of the court:

The People on the relation of the Attorney General and the State's attorney of Cook county, as petitioners, were, at a previous term of this court, granted leave to file a petition for writ of *certiorari* praying for the removal to this court from the circuit court of Will county of the record of a certain case entitled: "People of the State of Illinois *ex rel.* Abraham Karatz *vs.* Sheriff of Cook County, or Warden of the Illinois Penitentiary. Petition for writ of Habeas Corpus."

The petition for *certiorari* thus allowed to be filed prays that the record of the circuit court in the cause be quashed and held for naught. It is based on the following facts: Karatz was tried and found guilty in the criminal court of Cook county of a conspiracy to defraud the Amalgamated Trust and Savings Bank, a corporation, of $55,000. He was sentenced to serve a term of from one to five years in the Illinois State Penitentiary and to pay a fine of $2000 and costs. That judgment of conviction was affirmed in the Appellate Court. (*People* v. *Barry,* 287 Ill. App. 12.) On further review this court affirmed the judgment of the Appellate Court. (*People* v. *Karatz,* 365 Ill. 255.) Thereafter, on January 14, 1938, while the sheriff of Cook county, having charge of Karatz under a *mittimus* issued out of the criminal court, was proceeding to deliver him to the Department of Public Welfare at the Illinois State Penitentiary at Joliet, a writ of *habeas corpus* was served

440

upon him issued by the Hon. Edwin L. Wilson, judge of the circuit court of Will county, on the petition of one Arnold B. Harris, who stated in his petition that the *mittimus* under which Karatz was held was null and void for the reason that the grand jury which returned the indictment against Karatz was illegal and void. Upon service of the writ upon the sheriff he took Karatz before the circuit court where Karatz was, by an order duly entered, released from custody under a bond of $5000, and the cause continued until January 28. On the latter day the sheriff made a written return to the writ showing that he held Karatz by virtue of a *mittimus* issued on a judgment of the criminal court of Cook county which had been affirmed by the Appellate Court and by this court. Hearing on the *habeas corpus* petition was again continued to February 4, 1938. On February 2, the petition in this cause was filed and a *supersedeas* was issued staying any further action on the part of the circuit court.

The sole question presented in this cause is that of the jurisdiction of the circuit court of Will county and Wilson, one of the judges of the court, to issue the writ of *habeas corpus*. The ground on which such a writ was sought was that the *mittimus* under which Karatz was held was void because the grand jury which returned the indictment against him was an illegal and void grand jury.

It has been so frequently held by this court as to be plain and settled law in this State, of which all inferior courts must be held to have knowledge, that when a judgment is affirmed by this court all questions, whether raised by assignment of error or which might have been raised on the record, are finally adjudicated, and such judgment must be regarded as free from all error. (*People v. Superior Court,* 234 Ill. 186; *Gould v. Sternberg,* 128 id. 510.) The adjudication of this court in *People v. Karatz, supra,* affirmed the conviction of Karatz and pronounced the judgment against him a valid judgment.

While it is true that circuit and superior courts and the judges thereof have concurrent jurisdiction with this court in *habeas corpus* proceedings, that fact, as this court has held, does not authorize those courts or judges thereof to review a judgment of this court by a writ of *habeas corpus*. When this court, in the exercise of its appellate jurisdiction, has determined the validity of a judgment of the lower court, the judges of the circuit and superior courts are bound by that judgment and are without power or authority, by *habeas corpus* or otherwise, to pass upon its validity. This is not only well settled in this State but is so thoroughly founded on principles of orderly administration of the law that there ought not to be any judge who doubts or is unfamiliar with it.

Jurisdiction of a tribunal does not depend upon facts actually alleged but upon the authority to determine the existence or non-existence of such facts, and to render judgment according to such determination. It is apparent here that when the return to the writ of *habeas corpus* was filed by the sheriff of Cook county, showing affirmatively the facts concerning the judgment under which Karatz was held, such return should have been held a complete answer to the application for *habeas corpus*. The circuit court of Will county and Edwin L. Wilson, judge of that court, were entirely without jurisdiction and had no right or authority whatever to continue the matter for hearing or to do other than remand Karatz to the custody of the officer from whom he was taken.

The record in the cause entitled "People *ex rel.* Abraham Karatz *vs.* Sheriff of Cook county or Warden of the State Penitentiary," is quashed and set for naught, and the said Karatz is remanded to the custody of the sheriff of Cook county who is directed to execute the order embraced in the *mittimus* held by him.

*Record of circuit court quashed.*