(No. 4378— )

THEODORE MARCINKIEWICZ, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1952.*

BERNARD S. NEISTEIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

This case is predicated upon a claim against the State of Illinois for the wrongful incarceration of claimant in the Illinois State Penitentiary from December 18, 1933 to February 23, 1950 in violation of Article II, Sections 2 and 9 of the Constitution of Illinois, and in violation of the Fourteenth Amendment to the Constitution of the United States.

Claimant was indicted for murder in Cook County, tried, and convicted. Claimant appealed his case to the Supreme Court of Illinois, and his conviction was affirmed, and appears in Volume 560 of the Illinois Supreme Court Reports, page 261.

Claimant filed a petition for a Writ of Habeas Corpus in the Criminal Court of Cook County, and obtained his discharge under an order issued by Judge Thomas J. Lynch, who, in his order of February 23, 1950, gave a summary of the facts, and concluded that the State's Attorney had suppressed facts, which amounted to a denial of a fair trial to claimant, and "violated his

constitutional rights under the Fourteenth Amendment of the Constitution of the United States by denying him due process of law."

The State has moved to strike and dismiss the complaint for the reasons therein set forth.

The decision in this case is controlled by our decision in the case of *James Montgomery* vs. *State of Illinois.*

In addition to the reasons assigned in the Montgomery case, an additional fact is noted in this case. The claimant appealed his conviction, and the conviction was affirmed in 360 Ill. 261. In the case of *People* vs. *Circuit Court*, 369 Ill. 438, the Court, on page 441, held:

"While it is true that circuit and superior courts, and the judges thereof, have concurrent jurisdiction with this court in *habeas corpus* proceedings, that fact, as this court has held, does not authorize those courts or judges thereof, to review a judgment of this court by a writ of *habeas corpus*. When this court, in the exercise of its appellate jurisdiction, has determined the validity of a judgment of the lower court, the judges of the circuit and superior courts are bound by that judgment, and are without power or authority, by *habeas corpus* or otherwise, to pass upon its validity. This is not only well settled in this State but is so thoroughly founded on principles of orderly administration of the law that there ought not to be any judge who doubts or is unfamiliar with it."

The Court is of the opinion that it cannot question the validity of the conviction of the claimant in view of the holding in the above cited case.

For the reasons assigned in our opinion in the Montgomery case, and the additional reason cited herein, the motion of the respondent to dismiss is allowed, and the claim is dismissed.