**People of the State of Illinois, Defendant in Error, v. Delores Abernathy, Plaintiff in Error.**

**Gen. No. 50,591.**

First District, Third Division.

May 5, 1966.

 

William D. Martin, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. J. Gildea, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Defendant sued out a writ of error in the Supreme Court to review her conviction on the charge of unlawful sale of a narcotic drug. The case was thereafter transferred to this court. Trial was had before the court without a jury. Defendant was sentenced to the penitentiary for a term of ten years to ten years and a day.

The defendant contends (1) that the defendant was not permitted to properly cross-examine the State's key witness, and (2) that the closing argument by the State was inflammatory, not based on fact, not based on evidence and unfair.

On November 14, 1962, police officers visited the apartment of Kim Rivera and found her unclothed and in the presence of an unidentified man, also unclothed. The police officers dismissed the man, and while Kim Rivera was dressing they searched for narcotics in her clothing. When she was dressed, Miss Rivera was given $12.50 in marked money, and a piece of Kleenex to be used as a

mark. The money consisted of twelve single-dollar bills and one fifty-cent piece. The serial numbers of the dollar bills were recorded and the coin was inscribed with the letter "W." Miss Rivera and the police officers proceeded to a building at 18 North Hoyne Avenue in the city of Chicago. Miss Rivera, alone, went to the rear porch of an apartment while the officers remained below. Officer Walsh testified he saw nothing happen on the second floor porch. Officer Kienzle testified he saw Miss Rivera on the porch, heard a window being raised and after about five minutes met Miss Rivera at the bottom of the stairs. He took a package from her, which, after being field tested, proved to be heroin. Miss Rivera testified that she dropped the Kleenex at the rear porch door. The police officers then proceeded to the front entrance of 18 North Hoyne while two other officers went to the rear. Miss Rivera remained in the police car. Officer Walsh testified that he knocked down the front door at the second floor apartment and found the defendant standing near her bed and one Albert Banks standing over the flushing toilet. Officer Kienzle testified that Banks was straddling the bowl in the process of pulling up his trousers as if surprised by the police. No narcotics were found in the apartment nor on the defendant's person, but a policeman found the fifty-cent piece, which had been previously inscribed with the letter "W," in the apartment. No other marked money was found on the person of the defendant or in the apartment.

Miss Rivera testified that she ascended a flight of stairs at 18 North Hoyne while the officer watched and that she approached a window at the rear of the second floor landing leading to the defendant's apartment and thereupon purchased from the defendant a quantity of heroin in exchange for the $12.50 given to her by the police officer. She then descended the stairs where she met Officer Kienzle, who followed her to a nearby loca-

244

tion in accordance with a prearranged plan. She gave the officer a small package, the contents of which was then examined and, as heretofore mentioned, were found to be heroin.

When the officers had ascended the stairs to the second floor apartment they knocked on defendant's apartment door and announced their office. There being no acknowledgment, and the officers hearing "a scuffle of feet," they forced open the door. Certain testimony indicates that the male visitor, who was straddling the commode in the bathroom, had his trousers pulled up and the toilet was in action. The police officers also testified that they found a wad of bills on Albert Banks, who was in the apartment with the defendant, but that they returned it to him and it probably was inventoried at the police station. Both Banks and the defendant were arrested.

The defendant's counsel contends that in cross-examination of Kim Rivera he met with harassing objection tactics from both attorneys for the State, and that after the trial judge ruled that Miss Rivera might answer, the Assistant State's Attorney persisted in his objection on the theory of hearsay.

■■ From an examination of the record it appears that the prosecutors raised numerous objections to questions put to Miss Rivera on cross-examination, but the record also reveals that in each instance, except one, the court overruled the objection and permitted the witness to answer. The record further fails to disclose that the objections raised by the prosecutors were interposed for the purpose of harassment. The objections raised by the prosecutors went to the admissibility of certain evidence on the basis of both hearsay and relevancy. The defendant does not contend that the trial judge erred in his rulings but merely that the defendant's counsel was harassed during the trial by repeated objections. We do not believe from reading the record

that the objections made by the prosecutors were made for the purpose of harassment. Furthermore, the record before us discloses that no objection was made to the conduct of the prosecutors during the course of the trial, and it is a general rule that alleged misconduct of a State's Attorney must be objected to at the time in order to be properly presented for review. People v. Karatz, 365 Ill 255, 260, 5 NE2d 842. It cannot be said, based upon the record before us, that the defendant did not have adequate opportunity to cross-examine Miss Rivera, nor can it here be argued that the defendant was in any way prevented from cross-examining the witness because of any conduct of the prosecutors, since all of the court's rulings, except one, were favorable to the defendant and no complaints were raised because of successive objections urged by the prosecutors. We conclude, therefore, that the defendant's right to a fair and impartial trial was in no way affected by the alleged misconduct of the prosecutors.

Defendant next contends that the State's closing argument was inflammatory, not based on fact or on evidence and unfair. Defendant complains that the following statements of the State's Attorney were highly prejudicial: (a) ". . . plus somebody that may be here under perhaps fear of her life (Kim Rivera) . . . ." (b) ". . . if you believe the Defendant there is no escaping the fact that you believe these two police officers stole $145.00 from her house." (c) ". . . if you believe her stating that she had $145.00 on top of the dresser and she has never seen it since and these two police officers never recorded it on any inventory or never found it then you must believe they stole it." (d) ". . . the avalanche of Officer Kienzle's testimony that he saw the window open, that he saw a light in behind there, that he saw the transaction happen." (e) ". . . I think the Court can reason to where the figure $12.50 came to and how the 50¢ piece got on the dresser."

246

(f) "It is quite evident that after the sale was made . . . Banks grabbed the $12.00 or the Defendant grabbed the $12.00 . . . and quickly flushed it down the toilet."

██ There were other statements made by the prosecutor during the argument to which the defendant now objects. However, the record discloses that there were no objections raised when the complained of statements were made, and errors cannot be assigned on arguments unless objections are made to the same in the course of argument, and ruled upon by the court. People v. Weisberg, 396 Ill 412, 71 NE2d 671; People v. Sturch, 389 Ill 82, 58 NE2d 873.

██ Defendant complains that many of the statements made by the prosecution in its closing argument were matters not in evidence and relies on People v. Provo, 409 Ill 63, 97 NE2d 802. The case before us is readily distinguishable from the Provo case in that the Provo case involved a jury trial, and the case before us was tried without a jury by the court. There the Supreme Court condemned statements by the State's Attorney in his closing argument to the jury concerning matters which were not in evidence, and to which objections had been urged in the trial court. When the trial court is the trier of the facts every presumption will be accorded that the judge considered only admissible evidence on reaching his conclusion. People v. Robinson, 30 Ill2d 437, 197 NE2d 45. It is also the rule that a trial judge sitting without a jury is presumed to consider only proper argument, and an error in a final argument does not require reversal where it is unlikely that it influenced the final result. People v. Miller, 30 Ill2d 110, 195 NE2d 694. While some of the statements addressed to the court in the closing argument were not based upon the evidence before the court, there was sufficient evidence to prove the defendant guilty beyond a reasonable doubt. We do not believe that the trial judge was prejudiced by the argument advanced by the

prosecutor. Miss Rivera testified that she recognized the defendant at the time she made the purchase and that evidence, together with the corroborating testimony of the arresting officers, was ample to sustain the court's finding of guilt. People v. Perkins, 26 Ill2d 230, 186 NE 2d 330.

From a reading of the record we are satisfied that the defendant was proven guilty beyond a reasonable doubt, and the defendant does not in her brief question that the evidence was sufficient to sustain the finding by the trial judge. Since this case was tried by the court without a jury, and since every presumption will be accorded that the judge considered only admissible evidence and only proper argument, we believe that the contentions raised by the defendant did not constitute reversible error.

Judgment affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.