439 P.2d 294

The STATE of Arizona, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, the Honorable T. J. Mahoney, Judge thereof, and Ernest A. Miranda, real party in interest, Respondents.

No. 9149.

Supreme Court of Arizona,
In Banc.
March 21, 1968.

Darrel F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., for petitioner.

Lewis, Roca, Beauchamp & Linton, Phoenix, for respondent, Ernest A. Miranda.

STRUCKMEYER, Justice.

On June 27, 1963, respondent Ernest A. Miranda was convicted in Maricopa County of the crime of robbery and sentenced to a term of imprisonment in the Arizona State Prison. He appealed and we affirmed. State v. Miranda, 98 Ariz. 11, 401 P.2d 716.

■ Two and one-half years later Miranda filed a petition for writ of habeas corpus in the Superior Court of Pinal County. It appearing that the Honorable T. J. Mahoney, Judge thereof, was purporting to exercise jurisdiction, the Attorney General of Arizona applied to this Court for a writ of prohibition. We directed that the alternative writ issue—the sole question being whether the superior court, or a judge thereof, had jurisdiction to issue writs of habeas corpus based on grounds which occurred prior to the affirmance of the judgment and which either were or could have been raised on appeal.

Nearly fifty years ago we held:

"The fact that the superior courts and the judges thereof have concurrent jurisdiction with this court in *habeas corpus* proceedings does not authorize either of those courts or either of such judges to issue writs of *habeas corpus* for the purpose of reviewing the judgments of this court." State ex rel. Galbraith v. Superior Court of Pinal County, 22 Ariz. 452, 456, 197 P. 537, 538. (Emphases in original.)

The statements of the Supreme Court of Illinois in People ex rel. Kerner v. Circuit Court of Will County, 369 Ill. 438, 440, 441, 17 N.E.2d 46, 47, aptly stress the principles controlling here.

"It has been so frequently held by this court as to be plain and settled law in this State, of which all inferior courts must be held to have knowledge, that when a judgment is affirmed by this court all questions, whether raised by assignment of error or which might have been raised on the record, are finally adjudicated, and such judgment must be regarded as free from all error. People v. Superior Court, 234 Ill. 186, 84 N.E. 875, 14 Ann.Cas. 753; Gould v. Sternberg, 128 Ill. 510, 21 N.E. 628, 15 Am.St. Rep. 138. The adjudication of this court in People v. Karatz, supra, [365 Ill. 255, 5 N.E.2d 842] affirmed the conviction

of Karatz and pronounced the judgment against him a valid judgment.

"While it is true that circuit and superior courts and the judges thereof have concurrent jurisdiction with this court in *habeas corpus* proceedings, that fact, as this court has held, does not authorize those courts or judges thereof to review a judgment of this court by a writ of *habeas corpus*. When this court, in the exercise of its appellate jurisdiction, has determined the validity of a judgment of the lower court, the judges of the circuit and superior courts are bound by that judgment and are without power or authority, by *habeas corpus* or otherwise, to pass upon its validity. This is not only well settled in this State but is so thoroughly founded on principles of orderly administration of the law that there ought not to be any judge who doubts or is unfamiliar with it." (Emphases in original.)

■ The appropriate procedure was set forth in Rogers v. Ogg, 101 Ariz. 161, 416 P.2d 594, where, in speaking of a motion to vacate a judgment in the superior court under Rule 60, Rules of Civil Procedure, 16 A.R.S., after affirmance of a judgment on appeal, we said:

"Although we have not faced the precise question before, the federal courts have long held that where the district court is asked under Rule 60(b), Arizona Rule 60(c), to vacate a judgment which has been affirmed on appeal, it has no power to proceed without leave of the appellate court if the requested action would be inconsistent with the previously entered appellate court mandate. The leading case is Butcher & Sherrerd v. Welsh (3rd Cir.) 206 F.2d 259 where the respondent persuaded the district court to grant a new trial on the ground of newly discovered evidence though the circuit court had previously affirmed a judgment against respondent. The court said:

"'* * * Where a judgment has been affirmed on appeal and the mandate handed down it is beyond the power of the lower court to disturb the judgment without leave of the appellate court. This procedure is required by long-settled principles.'" 101 Ariz. at 162, 416 P.2d at 595.

We will consider any application to this Court which states sufficient facts to justify relief irrespective of its technical denomination. Article VI, § 5, ¶ 4, Constitution of Arizona, A.R.S. State v. Court of Appeals, Division Two, 101 Ariz. 166, 416 P.2d 599.

■ The alternative writ of prohibition is made permanent.

McFARLAND, C. J., UDALL, V. C. J., and BERNSTEIN and LOCKWOOD, JJ., concur.