448 P.2d 399

**The STATE of Arizona, Appellant,**

v.

**Ruben FEDERICO, Appellee.**

**No. 1825.**

Supreme Court of Arizona.

In Banc.

Dec. 11, 1968.

Rehearing Denied Jan. 7, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, then Atty. Gen., Phoenix, William J. Schafer, III, Pima County Atty., by Horton C. Weiss, Deputy County Atty., Pima County, Tucson, for appellant.

Royal & Carlson, by H. Wesley Carlson, Tucson, for appellee.

McFARLAND, Chief Justice:

After a trial in superior court, a jury found defendant-appellee guilty of rape, and he was given a sentence of eight to ten years in prison. We affirmed the conviction, and our mandate was received by the superior court on September 23, 1966. Defendant unsuccessfully applied to the U. S. Supreme Court for certiorari, and remained free on bond until July 14, 1967, at which time the superior court held a hearing and ordered that the "imposition of sentence be suspended for a period of five years, and the defendant be placed on probation * * *" Defendant's bond was exonerated, and he is still at large. From the above order the State has appealed.

The question before us is not whether defendant is deserving of probation, but rather whether the superior court had jurisdiction to modify its judgment of imprisonment by granting probation after an affirmance by this Court.

Defendant contends that the federal rule is a trial court may grant probation to a defendant even after affirmance of his conviction on appeal. To support this proposition, he cites United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309. That case, however, is based upon a federal statute which specifically permits

**50**

a trial court to suspend *either the imposition or the execution* of a sentence, while in Arizona our statute allows the suspension of only the imposition of a sentence. A.R.S. § 13–1657, subsec. A, par. 1.

Even in the absence of the distinction, defendant is in error, for the federal rule was clearly stated as early as 1895 in Re Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414, where the court said:

"When a case has been once decided by the court on appeal and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court cannot vary it or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded."

That case was cited with approval in United States v. Howe, 280 F. 815, 23 A.L.R. 531 (2d Cir. 1922), where the following appears:

" * * * the judgment of the appellate court cannot be modified or vacated by the lower court on the remand * * * nor can the lower court alter or modify the judgment originally entered by it.

* * * * * *

"The above statement of the law is alike applicable to civil and criminal cases * * *.

* * * * * *

"If a judgment of conviction, after it has been affirmed by this court, and a mandate sent down directing it to be carried out, can be set aside by the district court, and a new and different sentence imposed * * * the court could reserve to itself the power to alter any judgment set down, and it could continue the process indefinitely and no judgment could be final. When the lower court proceeds contrary to the mandate of this court, it interferes with this court's jurisdiction * * *." [Cert. denied, 259 U.S. 587, 42 S.Ct. 590, 66 L.Ed. 1077.]

Howe, supra, was cited with approval in United States v. Tuffanelli, 138 F.2d 981 (7th Cir. 1943), in which the court said:

"So far as we are advised, the trial court, after affirmance by this court, is in the same position as this court after affirmance by the Supreme Court."

Defendant cites several California cases, including People v. Causey, 230 Cal.App. 2d 576, 41 Cal.Rptr. 116. While Causey lends authority to defendant's proposition, it must be noted that there is a lack of uniformity in the California decisions, and there have been legislative changes which have caused the California courts to alter their approach to the problem. See Beggs v. Superior Court, etc., 179 Cal. 130, 175 P. 642; People v. Maggio, 96 Cal.App. 409, 274 P. 611; Lloyd v. Superior Court etc., 208 Cal. 622, 283 P. 931; and People v. Rittger, 55 Cal.2d 849, 13 Cal.Rptr. 406, 362 P.2d 38.

However, we need not look outside our own cases to confirm the fact that we have, from the earliest days, followed an unbroken resolve that our mandates shall terminate the cases in which they are issued. We are reviewing them at this time so that all doubts about the law on the question will be completely resolved. This Court spoke on this principle even before California.

As early as 1921, in State v. Superior Court etc., 22 Ariz. 452, 197 P. 537, we held that a trial court could not issue a writ of habeas corpus to review a judgment of this Court, saying:

"The affirmance of a judgment of conviction by this court must * * * be regarded by the judges of the * * * superior courts as a final determination * * *. Interference * * * constitutes a wrongful infringement of the appellate jurisdiction * * * and tends to bring the courts of the state into disrepute."

In Sam v. State, 33 Ariz. 421, 265 P. 622, we considered the problem in detail and said:

"Under the common law, trial courts had the inherent power to vacate, modify, or set aside judgments during the term in which they were rendered, but had no such power after the term expired * *. When our system of courts was changed, upon the adoption of our Constitution, terms of court no longer existed. * * * Legislation * * * was adopted for this purpose. By its language [now R.C. P. 60(c)] the time in which a court may act is fixed at six months.

* * * * * *

"* * * we see no reason in logic or justice why the same rule should not apply in a criminal proceeding."

We then went on to say, in that opinion, that not only the expiration of six months, but also the perfection of an appeal, cut off the trial court's right to vacate or modify its judgments, stating:

"* * * when the Supreme Court has taken jurisdiction of a case on appeal no inferior tribunal has any jurisdiction thereof, except to perform the necessary acts in furtherance of the appeal * *."

In Standard Accident Insurance Co. v. Allen, 38 Ariz. 173, 298 P. 406, we said:

"Right or wrong, the mandate of this court was the measure of power in the trial court. This seems to be the universal rule."

In State v. Griffith, 54 Ariz. 436, 96 P.2d 752, we said:

"A judgment of this court imports absolute verity. It must be regarded as free from all error. It is final and conclusive upon the superior courts and the judges thereof, and they may not question such judgment, neither are they permitted to hamper or impede the due and timely execution of such judgment. * * *

"The rule is, when a judgment is affirmed by this court, all questions raised by the assignments of error and all questions that might have been so raised are to be regarded as finally adjudicated against the appellant. * * *

"It is obvious that any other view would tend to bring about a deadly conflict between the jurisdiction and power of this court and the jurisdiction and power of the superior court or the judge thereof, and would necessarily result in hampering and impeding the administration of the law and bring the law into disrepute and disfavor and deprive it of the respect and reverence of the people of the state. This must not be. It cannot be. * * * "The superior court, therefore, was absolutely without jurisdiction to render a judgment differing in one jot or tittle from that which this court directed it to render."

In 1956, in Gusick v. Eyman, 81 Ariz. 182, 302 P.2d 944, we quoted with approval from both Griffith, supra, and Standard Accident, supra, and went on to announce our agreement with decisions of both Idaho and Montana to the effect that:

"An order of the trial court entered pursuant to the mandate of the appellate court is ministerial rather than judicial."

The same general principles were followed in State v. Superior Court etc., 86 Ariz. 231, 344 P.2d 736; Spector v. McFate, 95 Ariz. 88, 387 P.2d 234; State ex rel. Ronan v. Superior Court, etc., 94 Ariz. 414, 385 P.2d 707; and Eyman v. Cumbo, 99 Ariz. 8, 405 P.2d 889.

In Rogers v. Ogg, 101 Ariz. 161, 416 P.2d 594, we had occasion again to consider our holdings on the subject and reaffirmed our previous statement that the mandate of this Court is conclusive and binding upon the trial court which then becomes powerless to render a judgment differing "in one jot or tittle" from the mandate. We also construed R.C.P. 60(c), 16 A.R.S., as meaning that after a mandate has issued from this Court, any one who seeks to vacate or modify the judgment in the trial court must first apply to this Court for permission to so move. We said:

"We will allow the trial court to entertain a Rule 60(c) motion if the applicant

presents to us the necessary averments * * *."

The last case decided in this Court on the subject is State v. Superior Court, etc., 103 Ariz. 208, 439 P.2d 294, in which we quoted with favor from the Supreme Court of Illinois in People ex rel. Kerner v. Circuit Court of Will County, 369 Ill. 438, 440, 441, 17 N.E.2d 46, 47, as follows:

"'It has been so frequently held by this court as to be plain and settled law in this State, of which all inferior courts must be held to have knowledge, that when a judgment is affirmed by this court all questions, whether raised by assignment of error or which might have been raised on the record, are finally adjudicated, and such judgment must be regarded as free from all error. * * *

* * * * * *

"'* * * When this court, in the exercise of its appellate jurisdiction, has determined the validity of a judgment of the lower court, the judges of the * * superior courts are bound by that judgment and are without power or authority, by *habeas corpus* or otherwise, to pass upon its validity. This is not only well settled in this State but is so thoroughly founded on principles of orderly administration of the law that there ought not to be any judge who doubts or is unfamiliar with it.'"

It would be difficult to find a case more nearly like the instant case, in its facts, than State v. Kowalczyk, 3 N.J. 231, 69 A.2d 718. There, after receiving the appellate court's mandate, the trial judge entered an order suspending the original sentence and putting the defendant on probation for one year. On appeal by the state, the New Jersey Supreme Court said:

"At common law the power of a trial judge to alter a sentence expired with the term of court at which the sentence had been imposed * * *. At common law, moreover, an affirmance on appeal constituted another restriction on the power of the trial court to alter or amend the judgment in a criminal case."

In State v. Carlson, 178 Minn. 626, 228 N.W. 173, the Supreme Court of Minnesota held that a trial court cannot change a sentence, even during the same term of court, after it has been affirmed on appeal. As that court put it:

"* * * Reducing a sentence after the end of the term is considered as in the nature of the pardoning power which is not vested in the courts."

If there are mitigating circumstances that have arisen after the appeal has been perfected, they may be called to the attention of the appellate court at any time before the mandate has gone down, and the sentence may be modified by the appellate court.

The Order of the Superior Court dated July 14, 1967, suspending the sentence and granting probation to the defendant is hereby vacated, and the Superior Court is directed to order defendant delivered into the custody of the warden of the State Prison, there to commence serving the sentence imposed upon him on September 30, 1964.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.