517 P.2d 1253

STATE of Arizona, Appellee,

v.

James Lee GUTHRIE, Appellant.

No. 2239–2.

Supreme Court of Arizona,
In Banc.

Jan. 16, 1974.

Rehearing Denied Feb. 26, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Leon Thikoll, Tucson, for appellant.

LOCKWOOD, Justice:

Defendant, James Lee Guthrie, was convicted after a trial by jury of the unlawful sale of heroin in violation of A.R.S. § 36–1002.02. He was sentenced to a term of not less than five nor more than seven years in the Arizona State Prison.

This case has previously been before this court. See State v. Guthrie, 108 Ariz. 280, 496 P.2d 580 (1972). There we affirmed the judgment and sentence and denied a motion for a rehearing.

Appellant then filed a motion for a new trial with the trial court on the basis of newly discovered evidence. This motion was also denied. From said denial, appeal was taken to this court. Prior to this decision, the trial court repronounced sentence. Shortly thereafter appellant filed a notice of appeal from the repronouncement of the sentence.

In his appeal the appellant argues that the trial court erred, abusing its discretion in denying appellant's third motion for a new trial based upon newly discovered evidence. Secondly appellant argues that his right to due process of law was violated when the trial court refused to reconsider the original sentence imposed after the ap-

**258**

peal had been denied, when the appellant had demonstrated he had adopted a different life style during the twenty-seven month period he had been free on bail pending his appeal.

 Taking the question of whether the trial court abused its discretion in refusing appellant's motion for a new trial, the trial court was correct where the only new development was the availability of appellant's witness to testify without invoking her privilege against self-incrimination. Her testimony has already been before this court in the form of her written statement and this court has already considered the merits of her testimony when we decided whether the previous denials of motions for new trial were correct. As we said in our previous opinion, State v. Guthrie, supra, in order to warrant a new trial the court must be satisfied by the testimony that the evidence to be presented at a new trial is both new material and secured with due diligence and that such evidence will probably cause a different result. The trial court has a wide range of discretion whether to grant a new trial upon the grounds of newly discovered evidence. State v. Ford, 108 Ariz. 404, 499 P.2d 699 (1972). In the instant case the testimony of the witness is the same as her previously unsworn written statement. Under these circumstances we cannot find that the testimony constitutes newly discovered evidence which would warrant the granting of a new trial.

With regard to appellant's final contention, we find that the trial court properly repronounced the original sentence as it must. State v. Federico, 104 Ariz. 49, 448 P.2d 399 (1968). The issue in the instant case, as in Federico, supra, is not whether the appellant is deserving of a different sentence but whether the superior court may modify its original sentence after this court has affirmed it on appeal. As we have held in the past the superior court has no jurisdiction to modify its original judgment.

If there are any mitigating circumstances that have arisen after the appeal has been perfected, they may be called to the attention of the appellate court before the mandate has gone down. Appellant failed to raise the question of excessive sentence in his original appeal and we cannot allow him to make a piecemeal appeal. State v. Hughes, 8 Ariz.App. 366, 446 P.2d 472 (1968). Appellant cannot now raise the issue as this court has already affirmed his conviction on appeal.

Affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.