568 P.2d 1089

The STATE of Arizona, Appellee,

v.

Albert Arthur QUIROZ, Appellant.

No. 2 CA–CR 984.

Court of Appeals of Arizona,
Division 2.

May 10, 1977.

Rehearing Denied June 29, 1977.

Review Denied Sept. 8, 1977.

Bruce E. Babbitt, Atty. Gen. by Russell Piccoli, Asst. Atty. Gen., Tucson, for appellee.

Healy & Beal, P.C. by William T. Healy, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant entered a plea of guilty to a charge of unlawful transportation of marijuana, a felony, and appeals from the amending of his sentence by the trial court.

The pertinent facts follow. Appellant entered his plea on December 4, 1973, and the amended judgment and commitment was executed on March 7, 1974. He was sentenced to serve not less than five years

nor more than five years and one day to date from February 4, 1974. Appellant was released upon posting bail in the sum of $1,000. He appealed from the amended judgment and commitment to the Arizona Supreme Court which affirmed without modification the judgment and sentence. Appellant thereafter petitioned for a writ of certiorari to the Supreme Court of the United States which was denied on May 19, 1976.

The trial court then ordered appellant to appear before it on June 16, 1976. The prosecutor once again moved to amend the amended judgment and commitment to have the sentence commence upon appellant's arrival at the Arizona State Prison, rather than from February 4, 1974. At a hearing on June 15, appellant moved for a continuance which was granted and counsel stipulated that when the judgment was entered, the state's motion should be granted and the judgment should provide for the sentence to run from appellant's arrival at the prison. Appellant again moved for a continuance on June 28, and on July 6, 1976, the second amended judgment and commitment was executed by the trial court, and the sentence was ordered to begin as of appellant's arrival at the prison. Appellant now contends the trial court exceeded its jurisdiction in amending the judgment. We do not agree.

It is well established in Arizona that a trial court has no jurisdiction to amend the original sentence after the sentence has been affirmed by our supreme court. *State v. Guthrie*, 110 Ariz. 257, 517 P.2d 1253 (1974); *State v. Federico*, 104 Ariz. 49, 448 P.2d 399 (1968). However, *Guthrie, supra,* involved a request by the defendant to alter the years he was to serve and *Federico, supra,* dealt with a situation where the trial court, after defendant's sentence of eight to ten years in prison was affirmed by our Supreme Court, was given a suspended sentence and placed on probation. It seems apparent from the discussion in *Federico* that the court is addressing the situation where the trial court is seeking to alter the term of imprisonment. In *Federico*, the court quoted with approval language from previous cases:

"An order of the trial court entered pursuant to the mandate of the appellate court is ministerial rather than judicial." 104 Ariz. at 51, 448 P.2d at 401.

Here, the July 6, 1976 judgment of the trial court ordered the execution of the sentence which had been imposed and affirmed. Appellant maintains that the time he remained at large on bond pending the outcome of the appellate process was "serving his sentence" under the terms of the judgment. He was sentenced to serve not less than five years nor more than five years and one day. He was originally given credit for time served prior to imposition of the sentence, hence the reference to a certain date. However, time spent out of prison can certainly not be considered as ticking days off the sentence, but rather amounts to a status quo, tolling the running of the sentence until such time as appellant was again in custody. In order to give credit for time served while awaiting trial as originally intended, the trial court's change of the commencement date is modified to start 33 days prior to appellant's arrival at the Arizona State Prison.

As modified, the judgment is affirmed.

HOWARD, C. J., and RICHMOND, J., concur.