446 P.2d 472

**STATE of Arizona, Appellee,**

v.

**Charles HUGHES, Appellant.**

**No. 2 CA–CR 122.**

Court of Appeals of Arizona.

Nov. 7, 1968.

Rehearing Denied Dec. 10, 1968.
Review Denied Jan. 21, 1969.

Darrell F. Smith, Former Atty. Gen., Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

W. Edward Morgan, Tucson, for appellant.

KRUCKER, Judge.

Appellant Charles Hughes was convicted of attempted murder and on June 10, 1964 was sentenced to the Arizona State Prison for a term of not less than ten nor more than fifteen years.

This conviction was reversed by the Arizona Supreme Court and remanded for a new trial because evidence was admitted relating to a prior near-drowning accident. State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (1967). The second trial was held, and the defendant was again convicted of attempted murder by a jury. Judgment and commitment were entered on the first day of November, 1967, and defendant sentenced to a term of not less than ten nor more than fifteen years, beginning November 1, 1967.

Briefly, the facts are as follows. On December 13, 1963, defendant was driving his automobile with his stepdaughter, Sherri Lynn, as the only passenger. On the way home, defendant made a left turn into the parking lot of the "Triple B" market and the vehicle failed to stop, crashing into the market. Sherri Lynn was removed from the car with a serious head injury. The cause of the crash was complete brake failure.

Defendant had taken out a $15,000 life insurance policy shortly before the time of the "accident" on the life of Sherri Lynn making himself the beneficiary thereof.

Testimony was adduced from one Ralph Moseman as to the condition of the defendant's automobile from an examination made by him at the garage to which the vehicle had been taken. Mr. Moseman was an employee of a concern known as Auto Inspection Company. The Auto Inspection Company inspects wrecked automobiles and makes estimates on them for insurance companies or for individuals wishing repair estimates. Mr. Moseman inspected the vehicle at the request of Arizona Adjustment Agency, an insurance adjusters agency representing various insurance carriers.

Defendant claims that the examination of his automobile by the witness Moseman was in violation of defendant's right of privacy, a violation of the criminal law, and a violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

There is only one question raised in this appeal and that is whether or not the court erred in allowing the testimony of Mr. Moseman as to the condition of defendant's automobile.

Mr. Moseman inspected the automobile on the Monday following the accident on Friday. There is some evidence that the defendant had hit Sherri Lynn on the head prior to the accident and had then staged the accident to cover up the assault or attempted murder.

Mr. Moseman testified that he checked the master cylinder on the car for fluid and found no fluid in it, and that the left front wheel was saturated with brake fluid. He found no leaks or damage to the braking system at any other point, and upon jacking the car up he could see where the fluid was coming from and the nature of

the leak and found that the left-front bleeder valve was loose, that it could be turned by hand, and that it was a turn and a half out.

Motion was made to suppress Moscman's testimony at the first trial, and again at the second trial at the commencement, during, and at the conclusion of the trial, all of which motions were denied.

It is argued that the prohibition against illegal searches and seizures by police officers, both federal and state, should apply to individuals, but the cases cited by appellant do not sustain this position. It is further argued that the witness was guilty of criminal conduct when he made an examination of defendant's automobile without his consent and therefore the State of Arizona should not be a partner in a criminal act and it becomes such a partner when it accepts the fruit of such a criminal act, citing Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960); Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948); and Lewis, The Meaning of State Action, 60 Col.L. Rev. 1083. With all due respect to these authorities, we are of the opinion that in this case their application is not warranted. There was no showing in this case that the witness had anything to do with the police; he was not involved with them and not acting at their instance or request, and there is no showing of any conspiracy between the State and the individual in obtaining this evidence.

Evidence can be used in a criminal prosecution, even though unlawfully seized by a private person or corporation, without the knowledge or connivance of any public officer and thereafter turned over to public officers. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921), cited in Argetakis v. State, 24 Ariz. 599, 212 P. 372 (1923).

We hold that the admission of this evidence, obtained by a private individual in no way connected with or working for the police, was not a violation of defendant's constitutional rights.

Appellee further contends that the appellant moved to suppress this testimony at the first trial of this matter, and, the motion being denied, this issue should have been raised on the first appeal. This question was not raised on the first appeal, and therefore appellant is precluded from raising the question on this appeal. Harbel Oil Co. v. Superior Court of Maricopa County, 86 Ariz. 303, 345 P.2d 427 (1959); Hurst v. Hurst, 1 Ariz.App. 227, 401 P.2d 232 (1965). This doctrine applies as well in criminal appeals. See, 24A C.J.S. Criminal Law § 1840. Appellant has filed no reply brief or in any way answered this proposition. We believe this to be correct. Appeals cannot be taken piecemeal.

For the reasons herein stated, the judgment of the trial court is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.