454 P.2d 865

William M. BULLOCK, Appellant,

v.

Pamela GEYER, Appellee.

No. 2 CA–CIV 638

Court of Appeals of Arizona.

May 27, 1969.

Rehearing Denied June 30, 1969.
Review Denied Sept. 23, 1969.

May, Dees & Newell, by Paul F. Newell, Tucson, for appellant.

Miller, Pitt & Feldman, by Barry N. Akin, Tucson, for appellee.

MOLLOY, Chief Judge.

The appellant, William Max Bullock, appeals from a jury verdict in favor of appellee, Pamela Geyer, who was a guest passenger in an automobile driven by Bullock at the time of the accident in question.[1] The only grounds asserted for reversal are that the evidence was insufficient to support a jury verdict of liability against Bullock, or that the weight of the evidence was such that the trial court erred in failing to grant appellant's motion for a new trial.

. We view the record, as we must, in the light most favorable to upholding the verdict of the jury. Miller v. Schafer, 102 Ariz. 457, 432 P.2d 585 (1967). The collision resulting in appellee's injuries took place while Bullock, a male friend, another girl, and Pamela were on a journey from Tucson to Mount Lemmon for an evening picnic. There was iced beer in the car and there was testimony that beer was passed around within the car while it was in motion.

The accident took place on a slight curve in the highway when Bullock's northeast-bound automobile collided with an automobile being driven in the opposite direction by one Dorothy Lenz. Dorothy Lenz was a co-defendant in the lower court with respect to appellee's claim, and appellee recovered a verdict against her as well as against appellant. Dorothy Lenz is not a party to this appeal.

At the trial, none of the persons involved were able to state with any degree of clarity how the accident occurred. Appellant, however, testified that, when he first observed the car driven by Dorothy Lenz, it was coming toward him in the "wrong" or northeast-bound lane of the two-lane

---

1. A question relating to the extent of insurance coverage available to appellee for her injuries arising out of the accident in question was previously before this court in Geyer v. Reserve Insurance Company, 8 Ariz.App. 464, 447 P.2d 556 (1968).

highway. Appellant's version of his role in the accident was simply that he

"* * * pulled to the right of the road and started applying my brakes. When I saw that I couldn't avoid a collision I grabbed hold of the steering wheel and braced myself. * * *"

Appellant testified that his automobile may have been skidding some, but he was unable to say whether he took any other evasive action in an attempt to avoid a collision. Immediately after the accident, appellant said to his roommate, "What happened; was it my fault?"

An officer who investigated the accident testified that wherever the automobile driven by Dorothy Lenz was previously, it was "entirely" within her proper lane at the time of the accident. This witness, who had considerable training and experience in reconstructing vehicular accidents, testified that, at the time of the collision, appellant's car had veered sharply to the left and into the southwest-bound lane. He stated the point of impact to have been two feet into the southwest-bound lane. The officer also testified that skid marks and shoulder marks left by appellant's car indicated that, as appellant had started into the leftward curve, his rear wheels had skidded off the pavement and onto the shoulder. From the size and nature of the marks left on the shoulder, the officer estimated that appellant's speed was as much as 65 miles per hour, and in his opinion they resulted from "[l]oss of control" of the vehicle. The physical and photographic evidence lent credence to much of the officer's testimony.

■ Appellant contends that he did nothing more than reasonably react to the jury-found negligence of Dorothy Lenz in driving her car into appellant's lane of traffic, which negligence, appellant asserts, was the sole proximate cause of the accident. While appellant's brief consists largely of lengthy quotations from secondary sources and is somewhat lacking in specificity, we think the essence of appellant's contention is that he should have been absolved of liability as a matter of law by operation of the "sudden emergency" doctrine. But the question of whether one has acted reasonably under all of the circumstances in an emergency situation *not of his own making* is usually for the trier of fact to determine. Lehmann v. Johnson, 218 Md. 343, 146 A.2d 886, 888 (1958). *See also* Gilbert v. Quinet, 91 Ariz. 29, 369 P.2d 267 (1962); Cox v. Enloe, 50 Ariz. 201, 70 P.2d 331 (1937); and Worthington v. Funk, 7 Ariz.App. 595, 442 P.2d 153 (1968). As the court noted in Snipes v. March, 378 P.2d 827, at 828–829 (Alaska 1963), a case in some respects quite similar to the present one, a verdict for the plaintiff could only be set aside if fair-minded men, in the exercise or reasonable judgment, could not differ on the issue of the defendant's negligence, but could only come to the conclusion that he was not negligent.

■ We have no difficulty in concluding, in this case, that the question of appellant's liability was properly one for jury determination. Appellant's own version of the accident raised more questions than it answered, in view of the practically undisputed fact that the collision took place near the middle or in the southwest-bound lane of the highway.

■ The granting of a new trial for reason that the verdict is against the weight of the evidence is a matter within the discretion of the trial judge, reviewable only for abuse. General Petroleum Corp. v. Barker, 77 Ariz. 235, 244, 269 P.2d 729, 734–735 (1954).

Affirmed.

HATHAWAY, J., and WILLIAM C. FREY, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge WILLIAM C. FREY was called to sit in his stead and participate in the determination of this decision.