475 P.2d 511

**The STATE of Arizona, Appellee,**

v.

**Charles L. HUGHES, Appellant.**

**No. 2 CA–CR 220–3.**

Court of Appeals of Arizona, Division 2.

Oct. 23, 1970.

Rehearing Denied Nov. 27, 1970.

Review Denied Jan. 19, 1971.

222

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Clay G. Diamos, Tucson, for appellant.

KRUCKER, Judge.

This appeal was authorized by an order of this court dated June 5, 1970, granting a motion to take a delayed appeal.

Appellant was convicted of attempted murder of his minor stepdaughter in June, 1964. The conviction was reversed, State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (1967). The second trial resulted in conviction a second time, and this conviction was upheld. State v. Hughes, 8 Ariz.App. 366, 446 P.2d 472 (1968).

On November 6, 1969, a motion for a new trial, based on newly discovered evidence, was filed and subsequently denied. An affidavit of bias and prejudice for change of judge was filed, under the provisions of Rules 196–200, Rules of Criminal Procedure, 17 A.R.S., and this was also denied on the grounds that the application was untimely filed.

The two questions raised in this appeal are whether the court erred in denying the motion for new trial and in denying appellant's motion for a change of judge.

Granting or denying a motion for a new trial on the grounds of newly discovered evidence is discretionary with the trial judge, State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965), and such a motion will not be granted when the newly discovered evidence is merely cumulative, impeaching, contradictory, or probably would not have changed the verdict or findings of the court. *Blankenship* supra; Rule 310, Rules of Criminal Procedure, 17 A.R.S.

A hearing was held on the motion for a new trial and the facts adduced were substantially as follows. The principal wit-

ness in support of the motion was one William Keefe, an inmate of the Arizona State Prison. Keefe testified that he was working for O'Reilly Motor Company. He stated he was approached by a man who asked him which car belonged to the credit manager. Some time later, the same individual was seen by Keefe bending over the left front wheel of appellant's automobile. Keefe shouted at the man, who started walking away, entered an automobile, and left the premises. Keefe did not bring this information to Mr. Hughes' attention prior to either of the trials. There was also testimony concerning when Keefe worked for O'Reilly, and it was established that he did not work there from December 9th through December 12th. The accident in question took place December 13th.

There was further testimony by an experienced mechanic that the brake system could not be reached in order to tamper with it merely by leaning over the wheel of the car.

If one accepts the testimony of Keefe, offered years after the incident, it shows that someone could have tampered with the car. It does not in any way prove that someone did tamper with it.

It is doubtful that Keefe's testimony, if believed, would have in any way changed the verdict of the jury if a new trial had been granted. We can find no abuse of discretion in denying the motion for a new trial.

The application for a change of judge was properly denied. The application was indeed untimely, being made after the trial. After evidence is taken in deciding ultimate issues, it is too late to disqualify a judge. Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955); State v. Quintana, 92 Ariz. 308, 376 P.2d 773 (1962).

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.