477 P.2d 265

**The STATE of Arizona, Appellee,**

v.

**Charles L. HUGHES, Appellant.**

**No. 2 CA–CR 205–2.**

Court of Appeals of Arizona,
Division 2.

Dec. 7, 1970.

Rehearing Denied Jan. 13, 1971.

Review Denied Feb. 23, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Clay G. Diamos, Tucson, for appellant.

KRUCKER, Judge.

The defendant, Charles L. Hughes, was convicted of attempted murder of his stepdaughter and sentenced to prison for not less than ten nor more than fifteen years. The conviction was overturned, State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (1967), and defendant was tried for a second time. He was again convicted and given the same sentence, which was affirmed. State v. Hughes, 8 Ariz.App. 366, 446 P.2d 472 (1968). Subsequently, defendant filed two separate motions for a new trial based on newly-discovered evidence. The trial court denied both motions. We affirmed one of the denials in State v. Hughes, 13 Ariz.App. 221, 475 P.2d 511 (filed October 23, 1970). The sole issue appealed here is the denial of a new trial, on the other motion.

The facts are as follows. The defendant was incarcerated in the Arizona State Prison. There, he met a man who stated in an affidavit, dated over five years after the car accident on which defendant blamed his stepdaughter's injury, that he had been a witness to this accident.

At the defendant's trial there had been evidence that defendant had inflicted a head wound on his stepdaughter and then staged the accident to cover up the assault. The defendant had purchased a $15,000 life insurance policy on his stepdaughter's life shortly before the accident.

The defendant's new witness, Edward Loggins, testified he had seen the little girl in the car prior to the accident and that she had no head wound. He testified that immediately after the accident there was quite an amount of blood inside the car. The testimony would of course tend to prove the injury occurred as a result of the automobile accident and not from prior conduct on the part of defendant elsewhere.

The trial court has broad discretion in denying a defendant's motion for a new trial on the ground of newly-discovered evidence. State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965); Bullock v. Geyer, 9 Ariz.App. 547, 454 P.2d 865 (1969). It is deniable when the evidence is merely cumulative, impeaching, contradictory or probably would not have changed the verdict. *Blankenship*, supra. Furthermore, the motion may be denied if the testimony of the new witness is not credible to the court. *Blankenship*, supra.

In its answering brief, the State concedes the evidence was not impeaching, not cumulative and, if believed, would probably change the verdict. They contend, however, that the witness and his story are so incredible as to demand the trial court's denial of the new trial.

We have read the transcript and must agree that there is a dearth of corroborative evidence for Mr. Loggins' story and that when hard pressed for details, his story had many flaws. At the same time, defendant has not provided us with a copy of the original trial transcript and so we are unable even to determine whether the State's concession is fair. We therefore

must defer to the trial court's evaluation of the witness's credibility as only it was able to view him.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.