572 P.2d 118

**The STATE of Arizona, Respondent,**

v.

**J. W. LIPPARD, Petitioner.**

**No. 1 CA–CR 2356–PR.**

Court of Appeals of Arizona, Division 1, Department C.

Oct. 25, 1977.

Rehearing Denied Nov. 16, 1977.

Review Denied Dec. 13, 1977.

Charles F. Hyder, Maricopa County Atty., Phoenix, for respondent.

Stewart & McLean, Ltd., William H. McLean, Phoenix, for petitioner.

## OPINION

OGG, Judge.

Petitioner was convicted on one count of securities fraud under the provisions of ARS § 44–1991 and was sentenced to serve three to five years in the Arizona State Prison. Petitioner appealed his conviction and this court affirmed. *State v. Lippard,* 26 Ariz.App. 417, 549 P.2d 197 (1976).

On February 23, 1976, petitioner filed a petition for post-conviction relief, alleging the existence of newly discovered material facts and contending that his conviction had been obtained in violation of the Arizona and United States Constitutions. Following a response by the state and the exchange of memorandums of law the trial court on September 15, 1976, dismissed the motion for post-conviction relief. The matter was brought to this court for review by a timely motion for rehearing and petition for review.

Petitioner's contentions concern the testimony of James H. Cornwall. At the informal conference held on June 25, 1976, the state and the petitioner stipulated that Mr. Cornwall's testimony at trial "contributed significantly" to petitioner's conviction in the present case. After the trial Mr. Cornwall had again been called upon to testify by the Maricopa County Attorney's Office in another prosecution involving allegations of bribery of a public official. In the course of that prosecution the then Maricopa County Attorney filed a motion to dismiss, stating that he knew Mr. Cornwall had testified falsely and could not present him to a judge or jury in support of the state's case.

The state had discovered that Mr. Cornwall's sworn version of the events surrounding the payment of the alleged bribe was directly contradicted by bank records. The testimony of Mr. Cornwall was essential to the bribery prosecution of Mr. Warren but the County Attorney felt ethically obliged not to present him as a witness. This necessitated the motion to dismiss.

The petitioner's request for relief must be denied. The evidence that Mr. Cornwall had lied about matters in another criminal case did not go directly to proof of the crime of securities fraud in petitioner's case. It was merely impeaching material and such newly discovered evidence will not support the granting of a new trial. *State v. Thurston,* 100 Ariz. 297, 413 P.2d 764 (1966); *State v. Hughes,* 13 Ariz.App. 221, 475 P.2d 511 (1970).

Petitioner argues that the United States Supreme Court and other federal appellate courts have held that a conviction must be overturned where it was obtained in part on the testimony of a witness who the prosecutor has determined has given false testimony in subsequent proceedings arising out of "the same field of activity." Petitioner relies principally upon *Mesarosh v. United States,* 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956).

Mesarosh is distinguishable from this case on the facts. In Mesarosh the testimony of the government's witness, a paid informer, was not impeached at the first trial. Also, the false testimony given by the government witness in subsequent proceedings was directly related to the prior testimony and was arising from the same field of

activity. In this case Cornwall testified at petitioner's trial as a confessed swindler and his testimony was thoroughly impeached. Cornwall's testimony used against petitioner concerned the creation and sale of fraudulent land contracts; the later allegedly false testimony given at subsequent hearings was in an entirely different field of activity involving the illegal influencing of public officials.

■ Petitioner has made no suggestion that there was impeaching evidence in existence at the time of trial which was not available to him. Mr. Cornwall was impeached at the time of trial and the jury, which is the sole judge of a witness' credibility, *State v. Harrison*, 111 Ariz. 508, 533 P.2d 1143 (1975), decided to convict nonetheless. The prosecution of fraud cases is difficult. As one court has observed:

> The government must take its witnesses where it can find them. Few are the fraud cases where the government can prove its charges without calling witnesses like Hellerman who have participated actively in the scheme and profited from the fraud. *United States v. Koss*, 506 F.2d 1103, 1112 (2nd Cir. 1974) cert. denied 421 U.S. 911, 95 S.Ct. 1565, 43 L.Ed.2d 776 (1975).

Mr. Cornwall may not have been the most desirable witness and the state probably wished it had another to offer the jury. The jury knew at the conclusion of trial, however, every relevant fact about his character and credibility that existed at the time. The trial judge did not err in dismissing the petition.

Review granted; relief denied.

SCHROEDER and DONOFRIO, JJ., concur.