NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PATRICK KUDER, *Appellant.*

No. 1 CA-CR 13-0187

FILED 3-6-2014

Appeal from the Superior Court in Yavapai County
No.  P1300CR201200799
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Nicole Farnum, Phoenix
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court,
in which Judge John C. Gemmill and Judge Randall M. Howe joined.

**T H U M M A,** Judge:

¶1        Defendant Patrick Kuder appeals from his convictions and resulting sentences, arguing the Yavapai County Superior Court should not have presided over the case because the victim was a court employee. Finding no reversible error, Kuder's convictions and resulting sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        Starting in April 2012, Kuder and the victim lived together as a couple in the victim's home. Kuder worked at a machine shop and the victim worked as a court clerk at the Yavapai County Superior Court in Prescott.

¶3        In July 2012, while in Kuder's car on the way home from a bar, Kuder and the victim began arguing. The victim and her friend got out of the car and Kuder apparently drove home without them. The victim's friend then drove the victim to her home, where Kuder was already in bed. The argument then reignited and the victim, in fear, called 911. Upset that the victim was calling 911, Kuder grabbed the phone and threw it against the wall. Kuder then strangled and hit the victim, fracturing her nose and causing numerous bruises and abrasions. Kuder only stopped when a police officer arrived and ordered him away from the victim. Kuder and the officer then struggled, and Kuder was tased several times before he was handcuffed and taken into custody.

¶4        Kuder was charged with two counts of aggravated assault against the victim, class 4 felonies and domestic violence offenses; one count of aggravated assault against the police officer, a class 4 felony; three other counts of aggravated assault against a police officer, each class 5 felonies; resisting arrest, a class 6 felony and three misdemeanor domestic violence counts involving the victim. Pretrial, Kuder filed a "Motion to Chan[g]e of Judge And Location of Trial," stating in substance the following:

---

[1] On appeal, this court views the evidence in the light most favorable to sustaining the convictions and resolves all reasonable inferences against Kuder. *State v. Karr*, 221 Ariz. 319, 320, ¶ 2, 212 P.3d 11, 12 (App. 2008).

### I. FACTS

The Defendant in this matter allegedly assaulted a long time employee of the Yavapai County Clerk of the Court's Office. On information and belief Counsel believes that she (the victim) is acquainted with all of the sitting Judges in Yavapai County pursuant to her employment and has in fact been an officer serving in each of their Courts, including Division 7 where the case is currently assigned. Further employees of the Clerk's Office will be assigned the ministerial duties involved with the matter and because of their close connection with the victim will be hard pressed not to discuss and maintain a professional relationship to the case and its progress in Court.

### II. Authority

This motion is made pursuant to Rule 10.2 and Rule 10.3 of the Arizona Rules of Criminal procedure which allow for a change of Judge and Change of Place of Trial when it is appropriate to maintain fairness to the defendant. While Counsel for the Defense is unaware of any actual conflict, the potential and appearance of impropriety certainly exist given the closeness of the victim's professional life with the judicial system in Yavapai County.

The motion did not request oral argument or an evidentiary hearing.

¶5 To the extent the motion sought relief under Arizona Rule of Criminal Procedure (Rule) 10.2 (preemptory change of judge), the superior court noted it was timely but that it did not "comply with the specific requirements of Rule 10.2(b)." Accordingly, to the extent the motion sought relief under Rule 10.2, the court denied such relief but granted Kuder "leave to file a corrected Notice of Change of Judge within 10 days of this Ruling." Kuder, however, never filed a corrected notice of change of judge. To the extent the motion sought relief under Rule 10.3 (allowing a change of the place of trial to another county), the superior

court directed the State to file a response. Quoting the standard in Rule 10.3(b), the State's response argued Kuder had not shown that "a fair and impartial trial cannot be had for any reason other than the interest or prejudice of the trial judge." After considering the parties' briefs, the superior court denied Kuder's motion to the extent it sought relief under Rule 10.3.

¶6 At trial, after the close of the State's case, the superior court granted Kuder's motion for judgment of acquittal on one of the class 5 felony aggravated assault of a police officer charges. The nine remaining counts were submitted to the jury, which returned guilty verdicts as charged on six counts: two counts of aggravated assault against the victim, class 4 felonies and domestic violence offenses; one count of resisting arrest, a class 6 felony and the misdemeanor counts. The jury found Kuder not guilty of the class 4 and class 5 felony aggravated assault against a police officer charges and found him guilty of the lesser included offense of misdemeanor assault for the remaining class 5 felony aggravated assault against a police officer charge.

¶7 Kuder properly waived his right to a jury trial on aggravating circumstances and the superior court found as an aggravating factor that the offenses caused emotional harm to the victim, and found no mitigating factors. The superior court also properly found Kuder had two historical non-dangerous felony convictions. The superior court then sentenced Kuder to concurrent slightly aggravated prison terms for the felony convictions (the longest of which was 10.25 years in prison for the class 4 felony, slightly aggravated from a 10 year presumptive term) and to time served for the misdemeanor convictions. From Kuder's timely appeal, this court has jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statute (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2014).[2]

## DISCUSSION

¶8 The sole argument Kuder presses on appeal is that the superior court erred in denying his motion to change judge and location of trial. This court reviews the superior court's decision denying the motion to change venue for an abuse of discretion, *State v. Blakley*, 204

---

[2] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

Ariz. 429, 434, ¶ 13, 65 P.3d 77, 82 (2003), and "review[s] de novo matters involving interpretation of court rules," *State v. Fitzgerald*, 232 Ariz. 208, 210, ¶ 10, 303 P.3d 519, 521 (2013). Kuder argues the motion should have been granted under: (1) Rule 10.2; (2) Rule 10.3 (which also implicates Rule 10.2) and (3) Canon 2 and Rule 2.11(A)(2) of the Arizona Code of Judicial Conduct.[3] The court considers Kuder's arguments in turn.

## I.     The Superior Court Properly Denied Kuder's Attempted Notice Of Change Of Judge Under Rule 10.2.

**¶9**          Rule 10.2 grants "each side" in a criminal case a peremptory notice to change an assigned superior court judge without cause. Ariz. R. Crim. P. 10.2(a). Although Kuder's filing was timely under Rule 10.2, it did not take the form of, or contain the avowal required for, a notice of change of judge pursuant to Rule 10.2(b). *See Fiveash v. Superior Court*, 156 Ariz. 422, 425, 752 P.2d 511, 514 (App. 1988) ("[A]ny provision relating to disqualification of judges must be given strict construction to safeguard the judiciary from frivolous attacks."). The superior court denied the motion to the extent it relied on Rule 10.2 because it did "not comply with the specific requirements of Rule 10.2(b)." The superior court granted Kuder ten days to file a corrected notice of change of judge pursuant to Rule 10.2. Kuder, however, never filed an amended Rule 10.2 notice and the time to do so has long since passed. Ariz. R. Crim. P. 10.4(a) ("A party loses the right . . . to a change of judge when the party participates before that judge in any contested matter in the case."). Having failed to file a proper Rule 10.2 notice after being allowed additional time to do so by the superior court, and having then participated in trial before the same judge, Kuder cannot now rely on Rule 10.2 as a proper ground for the relief requested. *See State v. Webb*, 19 Ariz. App. 73, 75, 504 P.2d 1296, 1298 (App. 1973) (no peremptory challenge allowed when judge, without challenge, heard evidence and motions regarding trial); *State v. Hughes*, 13 Ariz. App. 221, 223, 475 P.2d 511, 513 (App. 1970) (after evidence was taken on ultimate issues, it was too late to disqualify judge).

---

[3] Although Kuder cites to a Canon of the Arizona Code of Judicial Conduct before changes effective September 1, 2009, the court applies the comparable provisions of the Code in place during the time relevant here.

**II.  The Superior Court Properly Denied Kuder's Motion To Change Venue Under Rule 10.3.**

¶10        A party in a criminal case "shall be entitled to a change of the place of trial to another county, if a fair and impartial trial cannot be had *for any reason other than the interest or prejudice of the trial judge*." Ariz. R. Crim. P. 10.3(a) (emphasis added). As noted above, Kuder's motion relied on the claimed prejudice of the superior court, which is not a permissible ground for a motion to change venue under the plain language of Rule 10.3. Accordingly, the superior court did not err in denying Kuder's motion for a change in venue under Rule 10.3.

**III.  The Superior Court Properly Denied Kuder's Motion To Change Judge Under Rule 10.1.**

¶11        In *State v. Smith*, the Arizona Supreme Court held that a motion which "was a 'hybrid' between a Rule 10.3 motion for change of venue and a Rule 10.1 motion for change of judge" should be considered as a motion for change of judge for cause pursuant to Rule 10.1. 203 Ariz. 75, 79, ¶¶ 10-11, 50 P.3d 825, 828 (2002). A Rule 10.1 motion, however, requires a party to "file a motion verified by affidavit of the moving party and alleg[e] specifically the grounds for the change." Ariz. R. Crim. P. 10.1. Kuder never filed such an affidavit and, in fact, did not cite Rule 10.1 in the motion. Accordingly, no relief is appropriate under Rule 10.1. *See State v. Carver*, 160 Ariz. 167, 172, 771 P.2d 1382, 1387 (1989) (noting informal motion for change of judge for cause under Rule 10.1, which did not comply with affidavit requirement, was insufficient).

**IV.  Kuder Has Shown No Violation Of The Arizona Code Of Judicial Conduct.**

¶12        Under the Arizona Code of Judicial Conduct 2.11(A)(1):

> A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to . . . [a circumstance where] (1) [t]he judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

Ariz. R. Sup. Ct. 81, Code of Jud. Conduct, Rule 2.11(A)(1). "'Impartial,' 'impartiality,' and 'impartially' mean absence of bias or prejudice in favor

of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." Ariz. R. Sup. Ct. 81 (Terminology). Judicial bias is "a hostile feeling or spirit of ill-will" or "undue friendship or favoritism[ ] towards one of the litigants." *In re Guardianship of Styer*, 24 Ariz. App. 148, 151, 536 P.2d 717, 720 (1975). The "obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed." Ariz. R. Sup. Ct. 81, Code of Jud. Conduct, Rule 2.11 cmt. 2. Impartiality is presumed, however, and the party claiming otherwise "must prove bias or prejudice by a preponderance of the evidence." *Carver*, 160 Ariz. at 172, 771 P.2d at 1387 (citations omitted). "Bare allegations of bias and prejudice, unsupported by factual evidence, are insufficient to overcome the presumption of impartiality and do not require recusal." *Id.* at 173, 771 P.2d at 1388.

¶13      As applied, Kuder does not offer any proof, and does not cite to anything in the record, to suggest that he was not provided a fair trial in front of an impartial judge. In his motion, Kuder alleges that the victim was "acquainted with all of the sitting judges in Yavapai County," but also states that "Counsel for Defense is unaware of any actual conflict." Moreover, the fact that Kuder received a slightly aggravated sentence does not, without more, indicate impartiality. *See State v. Ellison*, 213 Ariz. 116, 129, ¶ 40, 140 P.3d 899, 912 (2006) (judicial rulings alone do not support a finding of bias or partiality without a showing of an extrajudicial source of bias). Because Kuder did not meet his burden in showing bias or prejudice and no evidence of impropriety is present in the record on appeal, the superior court judge did not err in failing to recuse. *See Smith*, 203 Ariz. at 79-80, ¶¶ 12-19, 50 P.3d at 829-830 (no ethical violation when judge did not recuse when victim's son and daughter-in-law were longtime employees of court where trial occurred, and judge had some prior professional contact with victim's son and daughter-in-law).

**CONCLUSION**

¶14      Finding no error by the superior court in denying Kuder's motion to change judge and location of trial, Kuder's convictions and sentences are affirmed.



Ruth A. Willingham - Clerk of the Court
F I L E D : mjt