IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

VICTOR TED HERNANDEZ,
*Appellant*.

No. 1 CA-CR 19-0462
FILED 10-13-2020

Appeal from the Superior Court in Maricopa County
No.  CR2014-156118-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Maricopa Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

**OPINION**

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in
which Judge D. Steven Williams and Judge David D. Weinzweig joined.

**T H U M M A**, Judge:

¶1            Victor Ted Hernandez appeals his sentences for two convictions of attempted participation in a criminal street gang, Class 3 felonies. Hernandez argues the aggravating circumstance of receipt, or expectation of receipt, of pecuniary value is unconstitutionally vague. Rejecting Hernandez' claims, his sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2            In 2014, the Maricopa County Sheriff's Office intercepted two letters Hernandez attempted to mail while in custody. The letters revealed that Hernandez managed, directed and supervised criminal street-gang activity for financial gain. Hernandez was charged with, and convicted of, three counts of participating in a criminal street gang, Class 2 felonies. *See* Ariz. Rev. Stat. (A.R.S.) § 13-2321(A)(1)-(3) (2020).[1] The jury also found Hernandez committed each offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value. A.R.S. § 13-701(D)(6).

¶3            The State timely alleged and proved other aggravating circumstances, including that the sentences were subject to a five-year gang enhancement. *See* A.R.S. § 13-714. The court sentenced Hernandez, as a non-dangerous category-two repetitive offender, to concurrent greater than presumptive prison terms of 12 years for each conviction, with the five-year gang enhancement for each conviction to be served consecutively.

¶4            In a prior appeal, one conviction and sentence were affirmed, while the other two convictions were modified to attempted participation in a criminal street gang, Class 3 felonies, and remanded for resentencing. *State v. Hernandez*, 246 Ariz. 407, 411-12 ¶¶ 13-14 (App. 2019). On remand, the court sentenced Hernandez as a non-dangerous category-two repetitive offender to concurrent greater than presumptive prison terms of nine-and-three-quarter years for the two convictions, as modified, with five-year gang enhancements for both to be served consecutively.

¶5            This Court has jurisdiction over Hernandez' timely appeal challenging the resentencing pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1), 13–4031 and –4033(A).

---

[1] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

**DISCUSSION**

¶6        Hernandez challenges the constitutionality of the aggravating circumstance that he committed the offenses as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value. A.R.S. § 13-701(D)(6). He claims this aggravator is unconstitutionally vague, meaning his enhanced sentences on remand were illegal.

¶7        The State argues Hernandez waived this argument by not raising it in the prior appeal. The State relies on several cases that condemn piecemeal appeals but do not preclude consideration of the merits of a constitutional challenge. *See State v. Rhodes*, 112 Ariz. 500, 507 (1975); *State v. Guthrie*, 110 Ariz. 257, 258 (1974); *State v. Hughes*, 8 Ariz. App. 366, 368 (1968); *see also State v. Schackart*, 190 Ariz. 238, 255 (1997); *State v. Youngblood*, 173 Ariz. 502, 504-05 (1993) (3-2 decision). In none of these cases did the court find the defendant waived an argument in an appeal from a resentencing by failing to raise the argument in the original appeal. To the contrary, several of these cases cited by the State address the merits of the purportedly waived issue. *See Youngblood*, 173 Ariz. at 504-508 (noting "[t]he court of appeals should have rejected his claim as untimely" but then addressing the merits of the claim); *Rhodes*, 112 Ariz. at 507 (stating voluntariness should have been raised in prior appeal but then addressing admissibility of the statements); *Hughes*, 8 Ariz. App. at 368 (first finding no error in denying a motion to suppress and then stating defendant should have raised the issue in his prior appeal).

¶8        In *Guthrie*, the first appeal affirmed the conviction and sentence and the court rejected a request to revisit those decisions in the second appeal. 110 Ariz. at 257-58. Nothing like that procedural oddity is presented here. And *Schackart* addressed the defendant's absences during proceedings on remand, even though the court refused to address his absences before the first appeal that did not impact resentencing. 190 Ariz. at 255-56.

¶9        Although properly disapproving piecemeal appeals, these cases do not preclude Hernandez from challenging the validity of an aggravating circumstance applicable at resentencing on remand from his prior appeal. *See State v. Rossi*, 171 Ariz. 276, 281 (1992) (considering a new claim on defendant's third appeal, after his sentence had been vacated and remanded for resentencing); *State v. Enriquez*, 106 Ariz. 304, 307 (1970) (suggesting prohibition of piecemeal appeals may be prudential, not jurisdictional, and addressing merits of constitutional issue raised in second appeal based on different record).

¶10        Turning to the merits, the superior court may sentence a defendant to an aggravated term if the jury determines that the "defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." A.R.S. § 13-701(D)(6). Hernandez contends Section 13-701(D)(6) "failed to provide sufficient notice of what behavior it prohibited and failed to provide sufficient standards for its application to avoid arbitrary enforcement by the jury, such that the pecuniary gain aggravator was unconstitutionally vague." Because Hernandez did not raise this argument with the superior court, the review on appeal is for fundamental error. *See State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018). Accordingly, Hernandez "bears the burden to establish that (1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice." *State v. James*, 231 Ariz. 490, 493 ¶ 11 (App. 2013) (quotations and citations omitted).

¶11        Hernandez contends the statute's "meaning [is] left to guesswork" because it fails to "define whether it applies to only a benefit that the person committing the crime might gain, or if it includes . . . third party benefits." But a "statute is not vague simply because it is broad or . . . there may be difficulty in deciding whether certain marginal conduct falls within the scope of the statute." *State v. Coulter*, 236 Ariz. 270, 274–75 ¶ 9 (App. 2014) (citing *Parker v. Levy*, 417 U.S. 733, 757 (1974)). Instead, "[a] statute is unconstitutionally vague if it does not give persons of ordinary intelligence a reasonable opportunity to learn what it prohibits and does not provide explicit instructions for those who will apply it." *State v. McMahon*, 201 Ariz. 548, 551 ¶ 7 (App. 2002) (citations omitted). When, as here, there is no First Amendment challenge, a vagueness claim "must be examined in the light of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92 (1975) (citation omitted).

¶12        Section 13-701(D)(6) provides for an enhanced penalty if an offense is committed for pecuniary gain, which describes Hernandez' convictions here. Due process "requires only that the language of a statute convey a definite warning of the proscribed conduct." *Fuenning v. Superior Court*, 139 Ariz. 590, 598 (1983) (citation omitted). Accordingly, the failure of Section 13-701(D)(6) to specify who must receive or expect to receive the pecuniary gain does not make the reach of the statute unclear to a reasonable person. *See Bird v. State*, 184 Ariz. 198, 203 (App. 1995) (noting due process "requires neither perfect notice, absolute precision nor impossible standards. It requires only that the language of a statute convey a definite warning of the proscribed conduct."); *see also United States v. Powell*, 423 U.S. 87, 94 (1975) (observing that the fact that a more precise statute could be crafted does not mean the statute that was enacted is

unconstitutionally vague). Hernandez has not shown Section 13-701(D)(6) fails in that regard.

¶13        The jury heard evidence that Hernandez was involved with a specific street gang, the methods that gang used to obtain money, and that Hernandez gave written, detailed instructions to extort money, commit robberies, and set up money transfers. Even if the evidence did not show that Hernandez would directly "recei[ve] . . . anything of pecuniary value" personally, A.R.S. § 13-701(D)(6), it still showed that Hernandez' crimes brought pecuniary gain to his street gang. On this record, Section 13-701(D)(6) is not unconstitutionally vague. *See State v. Forde*, 233 Ariz. 543, 576 ¶ 151 (2014) ("The jury did not abuse its discretion by finding the [pecuniary value] aggravator" where the defendant, convicted of first-degree murder, "planned and participated in the robbery to fund her minuteman operation. She involved people she knew wanted to kill [the victim] to facilitate the robbery and burglary.").

¶14        Hernandez also argues Section 13-701(D)(6) allows for arbitrary or discriminatory enforcement by courts and juries. Not so. Section 13-701(D)(6) does not grant unfettered "post hoc discretion" to the court or the jury to determine whether the statute has been violated, nor is it a broad catch-all provision. *See State v. Schmidt*, 220 Ariz. 563, 566 ¶ 8-10 (2009) (finding a catch-all aggravator, "[a]ny other factors which the court may deem appropriate to the ends of justice," "patently vague"). To the contrary, Section 13-701(D)(6) provides sufficient guidance to describe offenses committed for pecuniary gain and therefore does not impermissibly allow arbitrary or discriminatory enforcement.

## CONCLUSION

¶15        Because Hernandez has failed to show Section 13-710(D)(6) is unconstitutionally vague, his sentences for two counts of attempted participation in a criminal street gang, Class 3 felonies, are affirmed.

